<u>ALEXANDER F. DUKE P.C.</u>                              300 Cadman Plaza West
                                                          Suite 1200
                                                          Brooklyn, N.Y. 11201

*Licensed to Practice Law in New York, New Jersey*        NJ Office:
*& California*                                            One Gateway Center, Suite 2600
                                                          Newark, N.J. 07102
E: Alexander.Duke@DukeLawFirmPC.com
P: 914-552-7755
F: 914-560-2250

February 10, 2021

**VIA ECF**
Hon. Diane Gujarati, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: <u>Amer Sulieman v. Jebara Igbara, Joumana Danoun, and Motashem Khalil
      E.D.N.Y.  1:20-cv-6032</u>

Dear Hon. Gujarati:

  This office represents Defendant Motashem Khalil ("Khalil") in the above entitled-action. The purpose of this letter is to request a pre-motion conference under part III (A)(1) of your honor's Civil Practice Rules. Defendant Khalil seeks to move pre-answer to dismiss the claims of fraud, unjust enrichment, and conversion alleged in the Complaint, under F.R.C.P. 9(b) & 12(b)(6), and by doing so dismiss the Complaint against Mr. Khalil in its entirety.

**I. Plaintiff's Complaint Fails to Assert a Claim upon which Relief can be Granted against Defendant Khalil.**

  In short, plaintiff's claims against Khalil revolve around a single returned check he allegedly wrote to plaintiff in furtherance of the fraud committed otherwise entirely by co-defendants. While the Court must accept the material facts alleged in the complaint as true on a motion to dismiss, it is well-settled that legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements, do not suffice. *Harris v. Mill*, 572 F.3d 66, 72 (2d Cir. 2009). Accordingly, where a court is satisfied that "the complaint cannot state of any set of facts that would entitle the plaintiff to relief it will grant dismissal pursuant to Rule 12(b)(6)," (*Hertz Corp. v. City of N.Y.*, 1 F.3d 121, 125 (2nd Cir. 1993).  Such is the case here, as Plaintiff's Complaint fails to sufficiently allege a single cause of action against Defendant Khalil.

A. **Plaintiff's Claim of Fraud Does Not Meet the Particularity Standard under FRCP 9(b).**

In asserting fraud against all defendants in Count II of the Complaint, Plaintiff is subject to the heightened pleading requirements of Rule 9(b), which requires describing with particularity the circumstances constituting fraud. Fed R. Civ. P. 9(b). The rule is satisfied only when the complaint specifies the "time, place, speaker, and content of the alleged misrepresentations", how the misrepresentations were fraudulent, and the details that give rise to a strong inference that the defendant **had an intent to defraud**, knowledge of the falsity or a reckless disregard for the truth. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d. Cir. 2013) (quoting *Caputo v. Pfizer, Inc.* 267 F.3d 181, 191 (2d Cir. 2001)) (Emphasis added.)

Nowhere in the four corners of the Complaint does Plaintiff identify a single false statement made by Khalil in furtherance of the alleged fraud. In fact, *all* of the fraudulent statements Plaintiff details are made by Defendant Igbara. (Pl. Compl. ¶¶ 5, 7, 13 & 14). Of just the three statements alleged to have induced Plaintiff into the fraud, not a single one is attributed or alleged to have been made by Khalil.

It is only in ¶15 of the Complaint where Khalil is specifically alleged to have taken *any* action in furtherance of the alleged fraud. However, Plaintiff does not assert that Defendant Khalil made any fraudulent statements in connection with the tendering of the check, nor does he even allege that Khalil had ***knowledge*** that the account from which the check was drawn had insufficient funds or he otherwise had an intent to defraud Plaintiff in providing the check. Indeed, even assuming those allegations are entirely true, simply issuing a check in payment of a debt that is later dishonored for insufficient funds cannot, standing alone, amount to a fraud, especially when that fraud is entirely alleged to have been committed by someone else.

Notably, the check was allegedly tendered, according to Plaintiff, on September 25, 2020, more than one year *after* Defendant Igbara allegedly defrauded Plaintiff on August 11, 2019. Khalil's connection to the alleged fraud is tenuous in both time and in his alleged actions.

Accordingly, the claim of fraud asserted against Defendant Khalil should be dismissed under the heightened pleading requirement of Rule 9(b).

B. **Unjust Enrichment is a Duplicative Equitable Remedy by Virtue of the Investment Contract between Plaintiff and Defendant Igbara and Therefore Must be Dismissed.**

Count III of the Complaint asserts unjust enrichment against all defendants. To succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that: 1) defendant was enriched, 2) at plaintiff's expense, and 3) equity and good conscious militate against permitting defendant to retain what plaintiff is seeking to recover." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2004). However, when a matter is controlled by contract, the plaintiff has no valid claim for unjust enrichment. *Marshall v.*

*Hyundai Motor Am.*, 51 F. Supp. 3d 452, 471 (S.D.N.Y. 2014). The theory of unjust enrichment "is an obligation the law creates in the absence of an agreement." *Goldman v. Metropolitan Life Insurance Co.*, 5 N.Y.3d 561, 572 (2005).

Here, the gravamen of the Complaint alleges that Plaintiff entered into an "investment contract with one of the Plaintiff's business entities promising a certain rate of return over a prescribed one-year period." (Pl. Compl. ¶ 4) Nowhere is it alleged with any detail at all that Khalil received any property from Plaintiff or was otherwise enriched by him, thereby failing to assert this cause of action against Khalil. Given this, the assertion of unjust enrichment is duplicative and without legal support and must be dismissed for failing to state a claim.

### C. Plaintiff's Claim for Conversion Cannot be Maintained because Damages are Based in Contract, not Tort.

Plaintiff's third and final claim against Defendant Khalil is for the tort of conversion. The New York Court of Appeals has stated that the two elements of conversion are: 1) plaintiff's possessory right or interest in certain property and 2) defendant's dominion over the property or interference with it in derogation of plaintiff's rights. *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 50 (2006). Here, Plaintiff fails to even allege, let alone demonstrate, the second element that Defendant Khalil had dominion and control over the monies constituting the loan extended to Defendant Igbara. The Complaint fails to allege with any degree of particularity that Defendant Khalil asserted control or even interfered with Plaintiff's possession of any monies that were owed to him by Igbara, nor does it allege that Khalil had any dominion over any of Plaintiff's property. Rather, the only allegations as to such control are squarely directed towards Defendant Igbara.

Additionally, similar to a claim for unjust enrichment, Plaintiff cannot maintain an action for conversion where damages are merely sought for breach of contract. *ESI, Inc. v. Coastal Power Prod. Co.*, 995 F. Supp. 419 ,433 (S.D.N.Y. 1998). As such, the cause of action for conversion as to Khalil should be dismissed.

Thank you for your consideration.

Regards,
ALEXANDER F. DUKE P.C.

S/Alexander Duke AD1701
By: Alexander F. Duke