

*7621 13th Avenue, Brooklyn NY 11228*
*718.305.1702  Office*
*718.395.1732  Fax*
*JIandolo@jiandololaw.com*

February 11, 2021

**VIA ECF**
Hon. Diane Gujarati, U.S.D.J
United States Courthouse – Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

      **Re:**    **Amer Sulieman v. Jebara Igbara, Joumana Danoun and Motashem Khalil**
             **E.D.N.Y. 20:CV-6032**

Dear Hon. Gujarati:

     The undersigned represents Plaintiff, Amer Suliman in the above-mentioned action, and hereby respectfully responds to Attorney Alexander Duke, counsel for Defendant, Motashem Khalil's ("Khalil") letter dated February 10, 2021, seeking *inter alia* a telephonic pre-trial conference as well as dismissal of all claims against Khalil.
     "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 72 (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). Thus "in order to survive a motion to dismiss" "a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.' "*Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC,* 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555).
     Thus, Khalil's participation, as alleged, clearly establishes to this Court, his liability to Plaintiff, and cannot be summarily dismissed.

    **1. Plaintiff's Complaint Properly Asserts a Claim against Khalil**

    Plaintiff asserted that Khalil was part of a greater scheme to defraud Plaintiff (and others) out of large sums of monies. Khalil letter asserts that "fraud committed [was] entirely by co-defendants." However, Plaintiff has documentary evidence that Khalil assisted in the fraudulent and deceptive practices, which caused damage to Plaintiff. In addition to the check drafted to Plaintiff from Kahlil's account, there was also subsequent written and oral correspondence, by Khalil that payment would be made. Specifically, that Defendant, Jabara Igbara and Khalil had constant contact about repayment to Plaintiff. Additionally, Khalil also "bounced" a prior check for repayment of the loan.

    **A. Plaintiff Plead Fraud with Particularity**

Plaintiff has plead its case with specificity, Federal Rule of Civil Procedure 9(b) requires, asserting out facts supporting its claim that Khalil was and still involved in the fraudulent scheme. Stated differently, Khalil's actions are consistent with the actions and motive of his co-defendants.

Under the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, a complaint for fraud must specify each alleged misstatement or omission, explain why it is false or misleading, and "state with particularity facts giving rise to a strong inference that the defendant acted" with a fraudulent state of mind. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). [A] complaint will only survive a motion to dismiss "if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *See also Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987); *Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 960 [**15] (2d Cir. 1987).

### B. Khalil Intentional Mischaracterizes Plaintiff's Loan as an Investment

Plaintiff's Complaint clearly enumerates that any advances were loans, which were to be repaid, not investments. Plaintiff clearly states that all defendants were in dominion and control over Plaintiff's monies as Defendants had dominion and control over the monies (Complaint ¶ 74-81). Therefore, utilizing the premise that "a court must accept as true all of the allegations contained in a complaint," Plaintiff clearly set forth facts that Khalil did in fact receive proceeds of Plaintiff's loan.

In light of the aforesaid, Plaintiff respectfully request a pre-motion conference to determine the viability of Khalil's request of February 10, 2021.

Thank you for your consideration.

Regards.

J. IANDOLO LAW, PC

/s/ Jeremy M. Iandolo

By: Jeremy M. Iandolo