## ALEXANDER F. DUKE P.C.

*Licensed to Practice Law in New York, New Jersey & California*

P| (914) 552 7755|
F| (914) 560 2250
E| alexander.duke@dukelawfirmpc.com

**NEW JERSEY**
One Gateway Center, Suite 2600
Newark, N.J. 07102

**NEW YORK**
300 Cadman Plaza W.
Suite 1200
Brooklyn, N.Y. 11201

April 23, 2021

**VIA ECF**

Hon. Diane Gujarati, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Amer Sulieman v. Jebara Igbara, Joumana Danoun, and Motasem Khalil</u>
<u>E.D.N.Y.  1:20-cv-6032</u>

Dear Hon. Gujarati:

This office represents Defendant Motasem Khalil ("Khalil") in the above entitled-action. The purpose of this letter is to request a pre-motion conference under part III (A)(1) of your honor's Civil Practice Rules.  Defendant Khalil seeks to move pre-answer to dismiss the claims of fraud, unjust enrichment, accounting, and conversion alleged in the Complaint, under Fed. R. C. P. 9(b) & 12(b)(6), and by doing so dismiss the Complaint against Khalil in its entirety.  This is the <u>second</u> letter motion seeking this relief, as the Complaint was amended by Plaintiff on April 6, 2021, to purportedly correct the deficiencies of the original.

I.   **Plaintiff's Complaint Fails to Assert a Claim upon which Relief can be Granted against Defendant Khalil.**

Plaintiff's claims against Khalil revolve around two returned checks he allegedly wrote to plaintiff in furtherance of the fraud committed otherwise entirely by Co-defendants, Jebara Igbara and Joumana Danoun (hereafter respectively, "Igbara" and "Danoun"). While the Court must accept the material facts alleged in the complaint as true on a motion to dismiss, it is well-settled that legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements, do not suffice. *Harris v. Mill*, 572 F.3d 66, 72 (2d Cir. 2009).  Accordingly, Plaintiff's Complaint fails to sufficiently allege a single cause of action against Defendant Khalil.

A.   **Plaintiff's Claim of Fraud Does Not Meet the Particularity Standard under** Fed. R. Civ. P. 9(b).

<u>Plaintiff's amended complaint is still woefully devoid of facts, details, and statements particularizing the fraud claims, especially as it fails to allege any facts as to how Khalil induced Plaintiff into the fraud.</u>  In asserting fraud against all Defendants in Count II of the Complaint, Plaintiff is subject to the heightened pleading requirements of Rule 9(b), which requires describing with particularity the circumstances constituting fraud.  Fed. R. Civ. P. 9(b). **The rule**

**is satisfied only when the complaint specifies the "time, place, speaker, and content of the alleged misrepresentations", how the misrepresentations were fraudulent, and the details that give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity or a reckless disregard for the truth.** *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d. Cir. 2013) quoting (*Caputo v. Pfizer, Inc.* 267 F.3d 181, 191 (2d Cir. 2001) (Emphasis added.)

Nowhere in the four corners of the Complaint does Plaintiff identify a single false statement made by Khalil in furtherance of the alleged fraud—only two excerpts of text messages *after the fraud was complete* are alleged.  In fact, *all* of the fraudulent statements that were made to *induce* Plaintiff into the fraud are solely made by Igbara, and none by Khalil. (Pl. Compl. ¶¶ 5, 7, 13 & 14).

While ¶¶ 19-20 of the Amended Complaint does quote from two text messages sent 15 months after the plaintiff invested money, those only state that he was responding to Plaintiff asking where Jebara was, the main culprit here, and the person who was in contract with Plaintiff. (The Complaint does not charge Khalil with breach of contract.)

These excerpted text messages are dated 15 months after Plaintiff provided the money to Jebara.  At the time the text messages were sent, according to the Complaint, Plaintiff had already become aware of the nature of the fraud and had been demanding his money back on that basis for some time.  Indeed, the Complaint at ¶46 acknowledges that it was Jebara who drafted the check using Khalil's account, not that Khalil wrote it himself.  The conclusory allegation that Khalil "knew" that the checks would not clear is all that is offered for the crucial requirement of knowledge of the fraud and intent to deceive.

By the time of the text messages, Plaintiff was no longer believing that he was "investing" with Jebara, meaning any actions or statements of Khalil could not have had any importance or relevance to him, making it impossible for Plaintiff to allege the requisite intent to defraud.  Indeed, there is no allegation that Khalil knew that the whereabouts of Jebara contained in the two text messages were false, nor how that specific information induced him to do anything whatsoever.[1]  It is simply impossible to demonstrate that Plaintiff *relied upon* or was induced to do anything by the allegedly false statements via text message made by Khalil in October 2020, just two months before this suit was filed.

Plaintiff still does not state any facts tending to show that Khalil had ***knowledge*** that the account from which the check was drawn had insufficient funds or that he otherwise had an intent to defraud Plaintiff in providing the check.  Indeed, even assuming those allegations are entirely true, simply issuing a check in payment of a debt that is later dishonored for insufficient funds cannot, standing alone, amount to a fraud, especially when inducement into that fraud is entirely alleged to have been committed by someone else.  Khalil's connection to the alleged fraud is tenuous in both time and in his alleged actions.

Accordingly, the claim of fraud asserted against Defendant Khalil should be dismissed under the heightened pleading requirement of Rule 9(b).

**B.   Unjust Enrichment is a Duplicative Equitable Remedy by Virtue of the Investment Contract between Plaintiff and Defendant Igbara and Therefore Must be Dismissed.**

---

[1]The Complaint seems to imply at at ¶19-20 that there are additional, relevant text messages sent by Khalil, but for some reason only excerpts of two are provided.

Count III of the Complaint asserts unjust enrichment against all Defendants.  Nothing at all was amended in that Count and therefore it must be dismissed as to Khalil.  To succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that: 1) defendant was enriched, 2) at plaintiff's expense, and 3) equity and good conscious militate against permitting defendant to retain what plaintiff is seeking to recover." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2004).  However, when a matter is controlled by contract, the plaintiff has no valid claim for unjust enrichment.  *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 452, 471 (S.D.N.Y. 2014).  The theory of unjust enrichment "is an obligation the law creates in the absence of an agreement".  *Goldman v. Metropolitan Life Insurance Co.*, 5 N.Y.3d 561, 572 (2005).

Here, the gravamen of the Complaint alleges that Plaintiff entered into an "investment contract with one of the Plaintiff's business entities promising a certain rate of return over a prescribed one-year period."  (Pl. Compl. ¶ 4).  **Nowhere is it alleged that Khalil personally received any property from Plaintiff or was otherwise enriched by him, thereby failing to assert this cause of action against Khalil.**  Given this, the assertion of unjust enrichment is duplicative and without legal support and must be dismissed for failing to state a claim.

### C.  Plaintiff's Claim for Conversion Cannot be Maintained because Damages are Based in Contract, not Tort.

Plaintiff's third and final claim against Khalil is for the tort of conversion.  The New York Court of Appeals has stated that the two elements of conversion are: 1) plaintiff's possessory right or interest in certain property and 2) defendant's dominion over the property or interference with it in derogation of plaintiff's rights.  *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 50 (2006).  **Here, Plaintiff fails to even allege, let alone demonstrate, the second element that Defendant Khalil had dominion and control over the monies constituting the loan extended to Igbara.** (Indeed, the alleged bouncing of the check clearly indicates otherwise.) The Complaint fails to allege with any degree of particularity that Khalil asserted control or interfered with Plaintiff's possession of any monies that were owed to him by Igbara, nor does it allege that Khalil had any dominion over any of Plaintiff's property.  The only allegations as to such control are squarely directed towards Igbara.

Additionally, similar to a claim for unjust enrichment, Plaintiff cannot maintain an action for conversion where damages are merely sought for breach of contract.  *ESI, Inc. v. Coastal Power Prod. Co.*, 995 F. Supp. 419 ,433 (S.D.N.Y. 1998).  As such, the cause of action for conversion as to Khalil should be dismissed.

Thank you for your consideration.

Regards,
ALEXANDER F. DUKE P.C.


S/Alexander Duke AD1701
By: Alexander F. Duke