

J. IANDOLO LAW

7621 13th Avenue, Brooklyn NY 11228
718.305.1702 Office 718.395.1732 Fax
JIandolo@jiandololaw.com

March 6, 2021

**VIA ECF**
Hon. Diane Gujarati, U.S.D.J
United States Courthouse – Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

      **Re:**    **Amer Sulieman v. Jebara Igbara, Joumana Danoun and Motashem Khalil**
              **E.D.N.Y. 20:CV-6032**

Dear Hon. Gujarati:

      The undersigned represents Plaintiff, Amer Suliman in the above-mentioned action, and hereby respectfully responds to Attorney Alexander Duke, counsel for Defendant, Motashem Khalil's ("Khalil") second request, by letter dated April 23, 2021, seeking *inter alia* to move pre-answer to dismiss the claims of fraud, unjust enrichment, accounting, and conversion alleged in Plaintiff's Amended Complaint. In sum, Plaintiff has amended its complaint, adding specificity into Count II which alleges Fraud. Said amendments state with specificity Khalil's involvement within the scheme by proffering two checks coupled with specific statements, via text message[1]. (Attached as Exhibit A). The aforesaid dispositively prove Khalil's involvement in the scheme to defraud Plaintiff as well as others.

      "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss and ' [d]etermining whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 72 (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). Thus "in order to survive a motion to dismiss" "a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.' "*Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555).

      Plaintiff plead its case with specificity, Federal Rule of Civil Procedure 9(b) requires, asserting out facts supporting its claim that Khalil was and still is involved in the fraudulent

---

[1] Counsel for Khalil wrongfully states that the misrepresentations were made "15 months after the plaintiff invested money." Specifically, the fraudulent loan was made in August of 2020 and the representations were made within two months thereafter. These representations were devised by Defendant to cajole Plaintiff along with others of Defendants cohort.

scheme. Stated differently, Khalil's actions are consistent with the actions and motive of his co-defendants. Under the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, a complaint for fraud must specify each alleged misstatement or omission, explain why it is false or misleading, and "state with particularity facts giving rise to a strong inference that the defendant acted" with a fraudulent state of mind. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). [A] complaint will only survive a motion to dismiss "if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *See also Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987); *Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 960 [**15] (2d Cir. 1987). As enumerated in the Amended Complaint, Khalil knew of the scheme, and worked in concert to further it when he communicated with Plaintiff via text messages and phone calls as well as drafted two checks to further the fraudulent scheme, all in an effort so that Defendants could and would continue to access monies from others, without a negative impact from Plaintiff and Defendants community as these are the individuals defendants preyed on.

Khalil's participation, as alleged, clearly establishes to this Court his liability to Plaintiff, and cannot be summarily dismissed. Plaintiff has properly asserted specific facts, including but not limited to enticing text messages to further the fraudulent scheme. (Amended Complaint ¶19-20). Moreover, but for Defendant Khalil's two properly endorsed checks, proffered by Defendants to again further the scheme. (Amended Complaint ¶15;18).

Defendant attempts to stated that Plaintiff's Amended Complaint is "woefully devoid of facts and detail", and that "mere conclusory statements, do not suffice." However, Plaintiff's have properly plead facts – supported by documentary evidence that Khalil played an integral part in the scheme to defraud Plaintiffs, and Khalil's dismissal would not grant Plaintiff his day in court.

Stated differently, Plaintiff must be given the opportunity to proffer his documentary evidence that Khalil assisted in the fraudulent and deceptive practices, which caused damage to Plaintiff. Additionally, as enumerated within the Complaint, Khalil drafted checks that he knew could not and would not clear. These checks were signed by Defendant Khalil and thus he is responsible for their presentment.

In light of the aforesaid, Plaintiff respectfully request a pre-motion conference to determine the viability of Khalil's request of February 10, 2021. Thank you for your consideration.

    Regards.

**J. IANDOLO LAW, PC**

/s/ Jeremy M. Iandolo

By: Jeremy M. Iandolo

# EXHIBIT A





4:11

+1 (201) 362-9462

Tue, Sep 29, 12:31 PM

Bro i put the 118 it came back

Wed, Sep 30, 10:06 AM

The check came back

I want cert checks for my Money bro this shit is crazy

Fri, Oct 2, 4:09 PM

Yo wats going on wit my money bro ya think this is a game ya gave me checks and ya stopped one and now i dont got my bread stop thinking this is a game ya dont know how bad this is

Delivered

