UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMER SULIEMAN,<br><br>    Plaintiff,<br>vs.<br>JEBARA IGBARA, JOUMANA DANOUN, AND MOTASHEM KHALIL<br><br>    Defendants | 1:20-cv-6032<br><br><br>**DEFENDANT MOTASEM KHALIL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULES 12(b)(6) & 9(b)** |

# DEFENDANT MOTASEM KHALIL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULES 12(b)(6) & 9(b)

Respectfully Submitted,
**ALEXANDER F. DUKE P.C.**

By: *Alexander F. Duke*
Alexander F. Duke AD1701
300 Cadman Plaza
12th Floor
Brooklyn, N.Y. 11201
914-552-7755
Alexander.Duke@DukeLawFirmPC.com
**Attorneys for Defendant Motashem Khalil**

# TABLE OF CONTENTS

STANDARD OF REVIEW..................................................................................3

ARGUMENT.................................................................................................4

The Amended Complaint Must Be Dismissed, Because It Fails To State a Claim Under New York Law...............................................................................................4

The Amended Complaint Must Be Dismissed, Because It Fails To Allege that Khalil Had Actual Knowledge of the Fraud..................................................................5

The Cause of Action for Unjust Enrichment Must be Dismissed.....................................8

Plaintiff's Claim for Conversion Cannot be Maintained Because Khalil Did Not Obtain Possession over Plaintiff's Property, and Damages are Based in Contract, not Tort..........9

# TABLE OF AUTHORITIES

**CASES**

Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir.1998)..............................2

Harris v. Mill, 572 F.3d 66, 72 (2d Cir. 2009)..............................................................2

Ashcroft v. Iqbal, 556 U.S. 662 (2009)..........................................................................2

Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 359 (2d. Cir. 2013)..............................3

Krantz v. Chateau Stores of Canada, 256 A.D.2d 186 (1st Dept. 1998)........................3

In re Agape, 773 F. Supp. 2d 298 (E.D.N.Y 2011).........................................................6

Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 55 (2d Cir. 2004).....7

Marshall v. Hyundai Motor Am., 51 F. Supp. 3d 452, 471 (S.D.N.Y. 2014).................7

Goldman v. Metropolitan Life Insurance Co., 5 N.Y.3d 561, 572 (2005)......................7

Colavito v. N.Y. Organ Donor Network, Inc., 8 N.Y.3d 43, 50 (2006)..........................7

ESI, Inc. v. Coastal Power Prod. Co., 995 F. Supp. 419, 433 (S.D.N.Y. 1998).............8

Netjets v. LHC Comm, 537 F3d 168, 175 (2d Cir. 2008)...............................................9

OOCL USA Inc. v. Transco Shipping, No. 13-CV-5418 (S.D.N.Y. Dec. 23, 2015).....9

**STATUTES**

F.R.C.P. Rule 9(b)...........................................................................................................2

F.R.C.P. Rule 12 (b)(6)...................................................................................................2

This motion seeks to dismiss the Amended Complaint (Dk 13) as alleged against defendant MOTASEM KHALIL (hereinafter, "Khalil"), because the allegations cannot support the requirements under F.R.C.P. Rule 9(b). This motion was filed pursuant to a docket order entered by this Court following a second letter motion to dismiss. This Memorandum of Law is made in support of Khalil's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and requests that all causes of action against him be dismissed with prejudice.

## STANDARD OF REVIEW ON A MOTION TO DISMISS

On a motion to dismiss pursuant to F.R.C.P. Rule 12 (b)(6), the Court will accept as true all claims raised in the complaint, drawing all reasonable inferences in favor of the party against whom dismissal is sought. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir.1998). At the same time, legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements, do not suffice. Harris v. Mill, 572 F.3d 66, 72 (2d Cir. 2009). "Only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (Internal citations omitted.)

Complaints sounding in fraud are subject to a heightened pleading requirement under FRCP Rule 9(b), which states in full: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The rule is satisfied only when the complaint

specifies the "time, place, speaker, and content of the alleged misrepresentations", how the misrepresentations were fraudulent, and the details that give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity or a reckless disregard for the truth. Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 359 (2d. Cir. 2013).

**ARGUMENT**

<u>Point I</u>
**The Amended Complaint Must Be Dismissed, Because It Fails To State a Claim Under New York Law**

As this Court's jurisdiction is premised upon diversity of citizenship, the substantive law of New York regarding fraud is controlling. In New York, it is well-settled that a fraud claim cannot arise solely out of a breach of contract. "A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract. To plead a viable cause of action for fraud arising out of a contractual relationship, the plaintiff must allege a breach of duty which is collateral or extraneous to the contract between the parties." <u>Krantz v. Chateau Stores of Canada, Ltd.</u>, 256 A.D.2d 186 (1st Dept. 1998) (Internal citations omitted.) In that case, plaintiff alleged that defendant providing him with a false financial statement, which incorrectly lowered the monies owed to plaintiff under their contract, amounting to fraud. The Court held that was solely limited to the realm of breach of contract, as the breach of contract in failing to provide the correct payment to plaintiff was not a breach that was "collateral or extraneous to the parties contract" but was instead, the entire point of it. <u>Id.</u>

Here, it is clear that the allegations relate entirely to the breach of an oral contract, as demonstrated by the breach of contract cause of action, and no extraneous or collateral duties are alleged to be owed to plaintiff by Igbara or Khalil. There is no allegation that this one loan was

the product of a longer conspiracy, as no damages are alleged based on the prior dealings between plaintiff and Igbara. Nor is there any allegation of any performance by Igbara owed to plaintiff beyond simply paying back the loan within 48 hours - not even interest is alleged to be owed. The allegations that both Igbara and Khalil provided checks to plaintiff that were later not honored, fits under the same category as the breach of contract claim in <u>Krantz,</u> infra. Plaintiff simply and straightforwardly alleges facts tending to show a breach of contract by Igbara, in that he failed to pay back the loan to him, which was the entire point of the alleged contract. There is no allegation of any collateral or extraneous breach of duty that occurred.

At bottom, Igbara is alleged to have taken a loan and then failed to pay it back when required, analogous to the thousands of credit card lawsuits filed against debtors filed every day. Under New York law, failing to pay a credit card on time cannot become a fraud claim if the debtor's check bounces, even if the debtor *knew* the check would be dishonored. The same underlying principle applies to the case at bar.

Point II

**The Amended Complaint Must Be Dismissed, Because It Fails To Allege that <u>Khalil Had Actual Knowledge of the Fraud</u>**

<u>Khalil's lack of involvement in plaintiff's decision to loan Igbara the money is conceded by plaintiff not including Khalil in the cause of action for breach of contract</u>. Khalil was not alleged to have been involved in plaintiff's decision to loan Igbara the cash, according to the complaint's four corners - his name is only even mentioned in connection with the checks and the Instagram videos. This is because it is obvious that there was no contract with Khalil, nor did plaintiff rely upon Khalil in any manner in reaching his decision to loan the money.

It is only after the loan was complete that Khalil was alleged to have done anything, which was related to issuing a check to plaintiff (Am Com. ¶15). At best, Khalil is alleged to have aided and

abetted in the fraud *after* it occurred, when the entire amount of the loan was already placed with Igbara. (Am Com ¶17), first at some unspecified time after the loan, and then over a year later, in October 2020. Khalil is not alleged to have induced plaintiff to continue to loan Igbara money; instead, he is alleged to have "pushed] plaintiff off to a later date." In support of this quasi aiding and abetting fraud, it is alleged that Khalil texted plaintiff in response to his entreaties for money, "He [Igbara] leavin tonight to Maryland" and "He will be back Monday - Tuesday I got you when I come back." (Am Com ¶19-21).

However, these statements all occurred well after the fraud was complete, and could only have the effect, if true, to stave off this lawsuit, which eventually of course came about in any event. There is no allegation that plaintiff loaned Igbara or Khalil even more money after the initial amount, or took any action at all in response to the text messages and two bounced checks, other than continue to demand repayment of the loan. The allegation that Khalil and Igbara had the same "motivation" to lie to plaintiff is meaningless without any facts alleging or tending to show that Khalil actually had knowledge of and intended to defraud plaintiff, of which there are none. This is especially true when the timing of these texts was over a year after the loan was due, as it was due to be repaid in 48 hours, according to plaintiff. (Am Com ¶46). The fact is that plaintiff was already well aware that Igbara did not pay him back within 48 hours.

Even if assuming *arguendo* that the Court accepts that Khalil lied in the text messages, and that lying caused plaintiff to forego a vague "enforcement" mechanism, this at best only states a claim for aiding and abetting fraud after the fact, not fraud as is attempted to be pled in the Complaint.

To the extent that the Amended Complaint can be construed to allege a cause of action for aiding and abetting fraud against Khalil, it must likewise be dismissed, because aiding and abetting

5

fraud still requires knowledge and intent to induce, which is not pled here.

The elements for aiding and abetting fraud are summarized as follows:

> **To plausibly state a claim premised on aiding and abetting, New York law requires the plaintiff to "allege (i) the existence of a violation by the primary wrongdoer; (ii) knowledge of the violation by the aider and abettor; and (iii) proof that the aider and abettor substantially assisted in the primary wrong."** Agape I, 681 F. Supp. 2d 352, 362 (E.D.N.Y.2010) (citing Armstrong v. McAlpin, 699 F.2d 79, 91 (2d Cir.1983)). These claims are also subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). Rule 9(b) applies equally to claims alleging aiding and abetting fraud, Armstrong, 699 F.2d at 92-93, aiding and abetting breach of fiduciary duty sounding in fraud, Kolbeck v. LIT America, Inc., 939 F. Supp. 240, 245 (S.D.N.Y.1996), and aiding and abetting conversion premised on fraud, Daly v. Castro Llanes, 30 F. Supp. 2d 407, 414 (S.D.N.Y.1998). Accordingly, "[a] plaintiff alleging aiding and abetting claims sounding in fraud must also plead the elements of aiding and abetting with particularity."

In re Agape, 773 F. Supp. 2d 298 (E.D.N.Y 2011)

Here, there is no proof or allegation that Khalil "substantially assisted" in the fraud because he is not alleged to have induced plaintiff into it, in any manner. He is not alleged to have led any kind of "fraudulent persona" to induce plaintiff into the fraud, as was alleged against Igbara in ¶5. He is also not alleged to have had knowledge of the fraud prior to its taking place, other than well past the time when the oral loan contract was breached, which was 48 hours after August 30, 2019 according to the Complaint. (Am Com ¶5 and ¶46 ).

## Point III

**The Cause of Action for Unjust Enrichment Must be Dismissed**

Count III of the Amended Complaint asserts unjust enrichment against all defendants, although nothing was changed from the original complaint. To succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that: 1) defendant was enriched, 2) at plaintiff's expense, and 3) equity and good conscious militate against permitting defendant to retain what plaintiff is seeking to recover." <u>Diesel Props S.r.l. v. Greystone Bus. Credit II LLC</u>, 631 F.3d 42, 55 (2d Cir. 2004). However, when a matter is controlled by contract, the plaintiff has no valid claim for unjust enrichment. <u>Marshall v. Hyundai Motor Am.</u>, 51 F. Supp. 3d 452, 471 (S.D.N.Y. 2014). The theory of unjust enrichment "is an obligation the law creates in the absence of an agreement." <u>Goldman v. Metropolitan Life Insurance Co.</u>, 5 N.Y.3d 561, 572 (2005).]

When applying the elements to the allegations against Khalil, it is clear no such cause of action can be asserted against him. **Nowhere is it alleged that Khalil received any property from Plaintiff or was otherwise enriched by him, thereby failing to allege the central element of this cause of action against Khalil.** Nor are any specifics offered as to the amount enriched, and how this enrichment was made at Plaintiff's expense. Given this, the assertion of unjust enrichment is duplicative and without legal support and must be dismissed for failing to state a claim.

<u>Point IV</u>

**Plaintiff's Claim for Conversion Cannot be Maintained Because Khalil Did Not Obtain Possession over Plaintiff's Property, and Damages are Based in Contract, not Tort.**

Plaintiff's fourth claim against Defendant Khalil is for the tort of conversion. The New York Court of Appeals has stated that the two elements of conversion are: 1) plaintiff's possessory right or interest in certain property and 2) defendant's dominion over the

property or interference with it in derogation of plaintiff's rights. Colavito v. N.Y. Organ Donor Network, Inc., 8 N.Y.3d 43, 50 (2006). Here, Plaintiff fails to even allege, let alone demonstrate, the second element that Defendant Khalil intentionally asserted dominion and control over the monies constituting the loan extended to Defendant Igbara, or any other monies for that matter. The Complaint fails to allege with any degree of particularity that Defendant Khalil asserted control or even interfered with Plaintiff's possession of any monies that were owed to him by Igbara, nor does it allege that Khalil had any dominion over any of Plaintiff's property. Rather, the only allegations as to such control are squarely directed towards Defendant Igbara. Indeed, Khalil's name is not mentioned at all in the paragraphs setting forth that cause of action.

Additionally, similar to a claim for unjust enrichment, Plaintiff cannot maintain an action for conversion where damages are merely sought for breach of contract. ESI, Inc. v. Coastal Power Prod. Co., 995 F. Supp. 419 ,433 (S.D.N.Y. 1998), which is clearly the case here, as Plaintiff himself terms the money he gave to Igbara as a "loan." As such, the cause of action for conversion as to Khalil should be dismissed.

Point V

**Plaintiff's Claim for Accounting Cannot be Maintained because Damages are Based in Contract, not Tort.**

Finally, Plaintiff alleges a cause of action for "accounting" against "all defendants", although Khalil is not named in the two paragraphs of the Amended Complaint pertaining to this cause of action. (Nor was it changed from the original complaint.)

Given there is no allegation that Khalil actually took, accepted or utilized any of Plaintiff's money, he does not and cannot provide for any accounting. Moreover, this

claim is duplicative of the breach of contract claims as they "arise out of the same facts...and do not allege any distinct damages." <u>Netjets v. LHC Comm</u>, 537 F3d 168, 175 (2d Cir. 2008). "[I]f a plaintiff can prove an enforceable contract and the plaintiff's account stated claim seeks the same relief as its breach of contract claim, the account stated claim may be dismissed as duplicative." <u>OOCL USA Inc. v. Transco Shipping</u>, No. 13-CV-5418, 2015 WL 9460565, at *6 (S.D.N.Y. Dec. 23, 2015). It is clear here that no separate claims and damages are alleged in relation to this cause of action, meaning it is duplicative to the breach of contract claim only asserted against Igbara and it should be dismissed against Khalil.

**WHEREFORE**, it is respectfully requested that the Court grant the motion and the relief requested, issuing an order and judgment dismissing the Amended Complaint as to MOTASEM KHALIL, with prejudice.

Respectfully Submitted,
**ALEXANDER F. DUKE P.C.**

By: *Alexander F. Duke*
Alexander F. Duke AD1701
300 Cadman Plaza
12th Floor
Brooklyn, N.Y. 11201
914-552-7755
Alexander.Duke@DukeLawFirmPC.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2021, I caused a true and correct copy of the above and in Support of defendant Khalil's Motion to Dismiss to be served via email and U.S. Mail on:

J. IANDOLO LAW P.C.
7621 13TH AVENUE
BROOKLYN, NEW YORK 11228

*Alexander F. Duke*
Alexander F. Duke (AD1701)