IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

AMER SULIEMAN,

    Plaintiff,

vs.

JEBARA IGBARA, JOUMANA DANOUN, AND MOTASHEM KHALIL

    Defendant

Civil Action No. 1-20-cv-6032

# PLAINTIFF, AMER SULIEMAN'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MOTASHEM KHALIL'S MOTION TO DISMISS

J. IANDOLO LAW, PC

Jeremy M. Iandolo

Plaintiff's Counsel
7621 13th Avenue
Brooklyn NY 11228
718.305.1702
jiandolo@jiandololaw.com

Plaintiff, Amer Sulieman ("Sulieman" or "Plaintiff") by and through its undersigned counsel, respectfully submits this opposition to defendant Motashem Khalil's ("Khalil" or "Defendant") motion to dismiss Plaintiff's Amended Complaint (Dkt. 13) ("Complaint"). For the reasons set forth more fully below, the Court should deny Defendant, Khalil's motion to dismiss. ("Motion").

## I.     INTRODUCTION

Khalil's Motion attempts to minimize and camouflage Khalil's culpability in the scheme, by utilizing phrases such as "aid[ing] and abet[ing]" and that Khalil did not utilize a "f*raudulent persona*." However, it is the obligation of Plaintiff to make this court aware that this action does in fact arise from a larger scheme, despite Khalil's arguments to minimize the same.

Co-Defendant, Jebara Igbara, was charged on Wednesday March 24, 2021 for allegedly inducing victims to sell him millions of dollars' worth of bitcoin under *false pretenses*. Allegations contained within Complaint and Affidavit in Support of Application for an Arrest Warrant dispositively show that, Defendant's action herein are consistent with the larger scheme therein. Specifically, it was alleged that "[i]n each instance, Igbara promised to transfer the U.S. dollars via wire transfers and showed the prospective trading **partners either videos or computer screen shots that purported to demonstrated that the promised wire transfer had been transmitted**[1]. In fact, with respect to each individual, Igbara did not send the wire transfers in amounts sufficient to pay for the Bitcoin he had received… (**Exhibit 1** – Complaint and Affidavit in Support of Application for An Arrest Warrant).

Here, the name defendants, including but not limited to Igbara and Khalil furthered their scheme by the same modus operandi exhibited above. Despite Defendants assertions, there is

---

[1] The exact same modus operandi and tactics utilized by Defendant herein

sufficient evidence, of which was enumerated in the Complaint that Khalil did in fact have knowledgeable of the fraud and cajoled Plaintiff, via his material misrepresentations; by via text; verbal communications; as well as through the drafting of fraudulent checks, of which he knew would bounce. (Complaint ¶15-22).

15. That in an attempt to silence Plaintiff, Jebara had one of his cohorts, Defendant Motasem R. Kahill ("Kahill") draft a check, in the amount of $250,000 (Check No. 1001), of which Kahill immediately issued a stop payment order upon.

16. That Kahill granted Jabara access to his account, in an effort to further Defendants' scheme, as Jabara utilized the account balance to assure Plaintiff that there was sufficient funds within Kahill's account to cover the check.

17. Jabara utilized Kahill's account to further Defendant's motive and objective to induce Plaintiff, Sulieman's comfort and forgo any interference from authority.

18. Thereafter, Defendant R. Kahill ("Kahill") drafted a second check, in the amount of $118,500 (Check No. 1002), from a Wells Fargo Account on September 25, 2020, which was retuned for insufficient funds.

19. Plaintiff Sulieman immediately notified Kahill that the check bounced, and notified Kahill on October 2, 2020 at 4:09 pm via text at 201.362.9462 stating "Yo wats going on wit my money bro ya think this is a game ya gave me checks and ya stopped one and now I don't got my bread stop thinking this is a game ya don't know how bad this is."

20. That each time Defendant Kahill answered Plaintiff's text message, he only attempted to push Plaintiff off to a later date, as he stated on one occasion "[he] leavin tonight to Maryland," and on another occasion that he "will be back Monday – Tuesday I got you when I come back…"

21. Defendant Kahill's motive and agenda is aligned with that of Jabara's as Jabara has recently been arrested for inter alia wire fraud; whereby it was alleged that he used his fame to defraud others.

22. Defendants utilized Jebara's internet persona in a way to mislead the public, including but not limited to Mr. Sulieman so that Defendants could live a luxurious lifestyle. As each defendant, including but not limited to his wife Danoun and Kahill (who furthered the scheme), as they were granted a substantial payment to further Jabara's scheme.

As shown by the excerpt of the Complaint, Plaintiff has stated with certainty, both the time, date, and the misleading statements made, by Kahill, for the sole purpose to further defendants' scheme. (Exhibit 2 – Text Messages). This in and of itself, without the exhibits attached to Complaint, dispositively state with certainty as necessary by law.

Furthermore, the two checks drawn on Defendant's account is further support of Khalil's knowledge of the scheme. It is upon information and belief that at no time did Khalil have the requisite amount of money in his accounts to cover the drafted checks. This fraudulent and criminal act, in and of itself provides the requisite scienter, for fraud. (Exhibit 3 – Checks). In light of the aforesaid, Plaintiff Complaint meets the heightened standard required for fraud, pursuant to FRCP 9(b).

In addition to Khalil's assertions that Plaintiff failed to plead fraud with the requisite specificity, they also assert that Plaintiffs claim of unjust enrichment need be plead with the same heightened requirement, that is not true. Stated differently, defendant asserts that "[n]owhere is it alleged that Khalil received any property from Plaintiff or was otherwise enriched by him, thereby failing to alleged the central element of this cause of action..." However, by the four corners of the Complaint, specifically, paragraph 20, "I got you when I get back" asserts that something is owed – thus, Khalil has something of Plaintiffs of which must be returned.

Khalil's representations through the parties' text exchange clearly indicate that consideration is owed, and Khalil has all requisite knowledge of the same.  Defendant goes on to state that Plaintiffs action for Conversion cannot be maintained because the Complaint fails to allege that Defendant had dominion and control over Plaintiffs property. Again, Plaintiff turns to the except above, paragraphs 15-22 of the Complaint,  whereby it is clear that Khalil had

something of value, in his possession of Plaintiff, otherwise why else would he agree to make payment of the same, and draft the two checks unless something of value was actually owed.

## II. LEGAL STANDARD

It is well established under the standard set forth in *Bell At. Corp. v. Twombly*, 550 U.S. 544, at 545, 127 S. Ct. 1955, at 1959, 167 L.Ed.2d 929 (2007) that:

> "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."

Indeed, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins., Co*., 648 F.3d 98, 104 (2d Cir. 2011).

The Second Circuit has stated that after *Twombly*, the inquiry on a motion to dismiss is guided by two principles. "First, although 'a court must accept as true all of the allegations contained in a complaint, 'that 'tenet' 'is inapplicable to legal conclusions,' and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroftv. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 at 1949, 173 L.Ed.2d 868 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and ' [d]etermining whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 72 (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). Thus "in order to survive a motion to dismiss" "a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.' "*Operating Local 649 Annuity*

*Tr. Fund v. Smith Barney Fund Mgmt. LLC,* 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555).

Further, on a Motion to Dismiss, the Court may consider documents attached to the Complaint – which are conspicuously absent in this case – and "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation omitted). Under Fed. R. Evid. 201(b)(2), courts may take judicial notice of facts which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Moreover, courts may take notice of documents to establish their existence, not for the truth of the statements contained in those documents. See *Global Network Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

### III. Plaintiff properly Plead Fraud Pursuant to The Heightened Standard of Fed. R. Civ. P. 9(B).

A pleading that states a claim for relief must contain, among other things, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see FTC v. Consumer Health Benefits Ass'n, No*. 10 CIV. 3551 ILG RLM, 2012 WL 1890242, at *3 (E.D.N.Y. May 23, 2012). By contrast, a pleading "alleging fraud or mistake . . .must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

To plead the circumstances constituting fraud with particularity, the complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. To plead malice, intent, or knowledge "generally" means that the general short and plain statement of the claim mandate in Fed. R. Civ. P. 8(a) should control the second sentence of Rule 9(b).

Here it is clear, that Plaintiff herein has stated with specificity, all facts necessary to properly alleged fraud upon Plaintiffs, within the four corners of their complaint. Specifically, Plaintiff stated the time and date certain misrepresentations were made, which clearly induced Plaintiff to forgo their legal right. (Complaint ¶ 15-22). Moreover, Defendants actions are in accord with their modus operandi; whereby, the named Defendants engaged in other fraudulent conduct.

Despite Khalil's clear knowledge, that certain monies were owed to Plaintiff, he still made certain representations to Plaintiff that the debt would be paid, all while knowing that he did not have the financial wherewithal to fulfill the obligation. An obligation of which he clearly undertook.

**IV.     Plaintiff stated a Cause of Action for Fraud**

"In an action to recover damages for fraud, the plaintiff must prove [*19] [(1)] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [(2)] made for the purpose of inducing the other party to rely upon it, [(3)] justifiable reliance of the other party on the misrepresentation or material omission, and [(4)] injury." *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 668 N.E.2d 1370, 646 N.Y.S.2d 76, 80 (N.Y. App. 1996). New York requires that "[w]here a cause of action . . . is based upon . . . fraud . . . the circumstances constituting the wrong shall be stated in detail." N.Y. C.P.L.R. § 3016 (McKinney). A plaintiff may not rely solely upon the existence of the result of the alleged fraud, here Harris' signing of the Deed, to support a claim of fraud. *See Banker v. Banker*, No, 2004-207, 23 Misc. 3d 1111(A), 885 N.Y.S.2d 710, 2009 NY Slip Op 50701[U], 2009 WL 1018630, at *3 (N.Y. Sup. Ct. Jan. 26, 2009) (finding that evidence that elderly woman had

signed over real property to defendant was not sufficient to prove fraud without further evidence of a specific misrepresentation).

In the case at bar, but for the initial misrepresentations, including but not limited to repayment terms and the internet persona of Defendant, Jabara Igbara; Plaintiff would never have granted the loan. In furtherance of the scheme, and to assure that Defendants did not have to disgorge the monies, Khalil furthered the scheme by knowingly making false representations to Plaintiff, as enumerated *supra*.

### V. *Plaintiff's Unjust Enrichment Claim Must Survive*

Alternatively, where a contract is not found, premised on the aforesaid facts, Defendants were unjustly enriched as Plaintiff's conferred a benefit upon the Defendants, in the amount of the loan, which is still outstanding and yet to be paid. "To state a cause of action for unjust enrichment, a plaintiff must allege that it conferred a benefit upon the defendant, and that the defendant will obtain such benefit without adequately compensating plaintiff therefor." *Nakamura v. Fuji,* 253 A.D.2d 387, 390 (1st Dept. 1998). Unjust enrichment is not inherently an intentional tort (which would inherently require the plaintiff to also show that the defendant acted "intentionally and knowingly"); to the contrary, New York's courts have held that it requires only a showing of the following: 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that equity and good conscience require restitution. *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (citation omitted).

Here, Plaintiff has proffered evidence that defendant is in fact in possession of Plaintiff's monies (the benefit) of which Defendant has not earned, (Plaintiff's expense) and it is only fair that Plaintiff be placed back to status quo.

The doctrine of unjust enrichment is available whether the defendant has obtained the money by wrongdoing, illegality, or even mistake. See, e.g., *Parsa v. State of New York*, 474 N.E.2d 235, 237-38 (N.Y. 1984). In fact, a cause of action may lie even if the defendant did not intend to injure the plaintiff. See, e.g., *Corsello v. Verizon N.Y. Inc.*, 2012 WL 1032741 (N.Y. 2012) ("Typical [unjust enrichment] cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled"). An unjust enrichment claim will lie only where there is no enforceable contract.

### *Plaintiff's Conversion Claim Must Survive*

The conversion claim is not predicated on a mere breach of contract claim. However, the claim here is predicated on the fact that Plaintiff's exercise dominion and control over the monies of which clearly belonged to Plaintiff, of which is all evidenced by documentary evidence and has been presented to this honorable court. Plaintiff has made multiple demands for the return of his monies, of which Defendants have utilized for their own personal benefit without regard to Plaintiff.

"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v N. Y. Organ Donor Network, Inc.*, 8 NY3d 43, 49-50, 860 N.E.2d 713, 827 N.Y.S.2d 96 (2006). "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights. Id. at 50 (internal citations omitted). It is now settled law that intangible property may be converted. *Thyroff v Nationwide Mut. Ins. Co.*, 8 NY3d 283, 292, 864 N.E.2d 1272, 832 N.Y.S.2d 873 (2007); *see Volodarsky v Moonlight Ambulette Serv., Inc.*, 122 AD3d 619, 620, 996 N.Y.S.2d 121 (2d Dept 2014)

Conversion is an "unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." (*Peters Griffin Woodward, Inc. v WCSC, Inc*., 88 A.D.2d 883, 452 N.Y.S.2d 599 [1st Dept 1982].) Money, if specifically identifiable, may be the subject of a conversion action (*Independence Discount Corp. v Bressner*, 47 AD2d 756, 757; *Laurent v Williamsburgh Sav. Bank*, 28 Misc 2d 140, 144; 10 NY Jur, Conversion, §§ 5, 13). However, an action for conversion cannot be validly maintained where damages are merely being sought for breach of contract (10 NY Jur, Conversion, § 27). Here, Plaintiffs maintains that his conversion claim is not duplicative, as Plaintiff has continuously held that in addition to the breach of an oral agreement, if one is found, that but for the fraudulent practices of Defendant, utilized as a vehicle to procure the "loan," the Defendants would not unlawfully be in possession of Plaintiff's monies. Thus, Plaintiff's conversion claim is premises on the fraud.

In sum, due to the fraudulent practices of Defendants, due to the misrepresentations and false internet persona, Defendants have taken/converted monies, that was and is specifically identifiable as Plaintiff's, despite the fact that there may or may not be a written contract.

**VI.   CONCLUSION**

Succinctly stated, Defendant has attempted to minimize his role in the scheme, and at the same time attempt to relieve himself of any and all liability despite his clear culpability. Defendant's conduct was wrongful and should not be tolerated by this court/.

**WHEREFORE,** Plaintiff respectfully request that this Court deny Defendants Motion and allow for this action to proceed on all counts.

Dated: Brooklyn, New York
June 14, 2021

Respectfully Submitted,

*Jeremy M. Iandolo*

Jeremy M. Iandolo, Esq.

**CERTIFICATE OF SERVICE**

I, Jeremy M. Iandolo, declare under penalty of perjury that on June 14, 2021, I served a true and correct copy of Plaintiff, Amer Sulieman, Memorandum of Law, Declaration in support with exhibits, by ECF and United States Postal Service to:

Alexander Duke
Alexander.duke@dukelawfirmpc.com

J. IANDOLO LAW

*Jeremy M. Iandolo*

Jeremy M. Iandolo, ESQ
7621 13th Avenue
Brooklyn NY 11228