**Individual Practice Rules of**

**MAGISTRATE JUDGE MARCIA M. HENRY**

**United States District Court**
**Eastern District of New York**
**225 Cadman Plaza East**
**Courtroom 504N**
**Brooklyn, New York 11201**
**Telephone: (718) 804-2740**

## I.    COMMUNICATION WITH CHAMBERS

### A.    Written Communications

1.    **General.**  The Electronic Communications Filing ("ECF") system is the primary means of communications with the Court.  All documents directed to Judge Henry in civil actions MUST be filed electronically, except as stated below or as otherwise directed by the Court.  Courtesy copies need not be provided to the Court except as noted herein.

2.    **Letters.**  Letter correspondence between parties may not be filed on ECF unless the Court requests or they are part of a motion requesting relief from the Court.  Likewise, the parties shall not file on ECF any discovery exchanged between the parties unless it is the subject of a motion.

3.    **ECF.**  Attorneys must enter a notice of appearance and register to receive ECF notifications prior to filing any letters, motions or other documents. ECF procedures are available on the Eastern District of New York website. Because all orders issued by the Court will be transmitted to counsel only electronically, attorneys are responsible for keeping their ECF registration current with the Clerk's Office.

4.    **Hard Copies.**  Hard copies of electronic filings or correspondence between counsel are not to be mailed, faxed or hand-delivered to chambers unless prior authorization is obtained from chambers.

5.    **Pro Se Litigants**

   a.    *Pro se* litigants are exempt from ECF requirements but may request permission to file documents and receive notices electronically.

   b.    Counsel in cases involving *pro se* litigants must send copies of documents filed on ECF to the *pro se* party, and file proof of service on ECF.

1

       c.     *Pro se* litigants are directed to make any filings via hand delivery or U.S. mail to the designated "*Pro Se* clerk" in the Clerk's office to the attention of Judge Henry and the presiding District Judge and by delivering a copy to the attorney for the opposing party.

       d.     Court orders will be provided to *pro se* litigants by U.S. mail, unless otherwise directed by the Court. *Pro se* litigants must keep current contact information on file with the Court.

       e.     *Pro se* litigants are encouraged to contact the *Pro Se* Office for any case-related questions at (718) 613-2665. *Pro se* litigants are directed to the relevant Local Civil Rules, including 12.1, 33.2, and 56.2.

6.    **Change of Address.**  Parties shall immediately notify the Court and the opposing parties in writing if their current address or telephone number changes.

## B.    Telephone Calls and Case Related Inquiries

1.    **General.**  Adjournment requests may not be made telephonically. The Court does not discuss substantive legal matters about a case via telephone. Telephone calls to chambers are prohibited other than in accordance with these rules, including in the circumstances provided in subsections I.B.3 and I.B.4 below.  Faxes to chambers are not permitted.

2.    **Questions About Dockets.**  For case related questions, including deadlines and confirmation of conference dates, counsel should electronically access the docket sheet for this information.  Counsel may call the Clerk's Office at (718) 613-2610 for assistance accessing the docket sheet.  Counsel shall not to ask the party answering the line to read the docket sheet for them.

3.    **Emergencies.**  Chambers should only be contacted if on the day of the conference, the parties cannot appear due to an emergency and counsel wish to inform the Court that an electronic application is forthcoming, in which case counsel may call (718) 804-2740 between 9 a.m. and 5 p.m. Eastern Time.

4.    **Required Notification to Chambers.**  A party or the parties shall immediately notify chambers by telephone if any of the following events occur:

       a.     any motion has been referred to Judge Henry by the presiding District Judge;

       b.     the parties have reached a settlement; or

2

c.      any party believes Judge Henry should be recused from any pending civil or criminal matter due to her direct or indirect involvement in the matter during the time she served in the United States Attorney's Office, or for any other reason.

## II.    COURT CONFERENCES

### A.    Conferencing Platforms

1.    The Court will designate the method of conferencing in applicable scheduling orders. The Court may choose to conference with the parties by telephone, video or in person.

2.    **Telephone.** If the Court conferences by telephone, the parties are directed to dial the toll-free number (888) 808-6929. The access code is 9281384. The parties are directed to dial in five (5) minutes before the scheduled time for the conference.

3.    **Video.** If the Court conferences by video, the Court will email a Teams or Zoom link to the email addresses of all counsel listed on the docket. Parties are instructed to follow the instructions docketed by the Court in advance of any video conference.

4.    **In Person.** Parties shall arrive at least ten (10) minutes prior to the designated start time and shall check in with the Courtroom Deputy.

### B.    Request for Adjournments or Extension of Time

1.    Requests for adjournments and for extensions of time may be in letter format but must be filed electronically as "Motions" on ECF, not as a "Letter."

2.    All requests for adjournments of a court appearance, absent an emergency, shall be made in writing at least three (3) business days prior to the scheduled appearance.

3.    Further, all requests for adjournments or extensions of time must state:

a.    the appearance date(s) or deadline(s) you wish to adjourn or extend;

b.    the reason for the request;

c.    the number of previous requests for adjournment or extension (by you or anyone else);

    d.       whether those previous requests were granted or denied;

    e.       whether the other party or parties consent (including any reasons given for withholding consent); or, if the other parties could not be reached for input, efforts made to reach those parties; and

    f.       whether the request affects any other scheduled Court appearance or deadline.

4. To the extent a party seeks to adjourn a Court conference, if appropriate, the party shall propose mutually convenient date(s) for the re-scheduled conference.

5. If the requested adjournment or extension affects any other Court appearance or deadline, the parties should include a Proposed Discovery Plan/Scheduling Order (posted to Judge Henry's website) with the request.

## C.    Settlement Conferences

1. **Requests for Settlement Conference.** Judge Henry is available to conduct settlement conferences. Parties can file a joint letter requesting a settlement conference. The letter must include three (3) dates when all counsel AND party representatives are available within the next six (6) weeks of the filed letter request, and the Court will advise of the scheduled date. Counsel and *pro se* parties should be prepared and authorized to discuss settlement at every court appearance.

2. **Pre-Conference Exchange of Demand and an Offer.** At least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate.

3. **Settlement Statements.** At least three (3) business days before the settlement conference, each party shall submit to chambers by email (Henry_Chambers@nyed.uscourts.gov) an *ex parte* settlement letter not to exceed four (4) pages that addresses the following: (1) the status of settlement discussions; (2) the last demand and offer made, if any; (3) a realistic assessment of the strengths and weakness of the case; and (4) any information that may assist the Court in helping the parties resolve the matter (for example, issues that are important to the client or any barriers to settlement). The settlement position statement must have attached to it the party's communicated demand or offer, as prescribed above. These *ex parte* statements will be treated as confidential and will not be docketed.

4

4. **Mandatory Appearances of Parties**

   a. Parties are required to personally attend the conference even if represented by counsel.

      i. In the case of a corporate party, the individual attending the conference should be a corporate employee with *full authority to settle the matter*.

      ii. In the case of a Government or municipal entity requiring the approval of a body, such as a board, legislature or agency, the individual attending the conference must be *fully authorized* to approve and submit a recommendation to that governing body or to contact in real time the person authorized to make such a recommendation.

      iii. An insured party shall appear with a representative of the insurer(s) authorized to negotiate, and who has *full authority to settle the matter*.

   b. Because the Court and the parties invest significant resources in these conferences, *the failure of either a party and/or counsel to appear in person may result in sanctions*, including payment of fees and costs of other parties who do attend the conference. If exceptional extenuating circumstances exist, parties must file a letter motion on ECF no later than three (3) business days prior to the settlement conference seeking to adjourn the conference. Any other party may respond to such a motion no later than two (2) business days prior to the conference.

5. **Statements Inadmissible.** Consistent with the Federal Rules, statements made by any party during the settlement conference are generally inadmissible at trial.

D. **Attorney Appearances**

   1. **Courtroom Opportunities for Relatively Inexperienced Attorneys**

      a. The participation of relatively inexperienced attorneys in all court proceedings, including but not limited to initial conferences, status conferences, settlement conferences, and hearings on discovery motions and dispositive motions, is strongly encouraged.

      b. All attorneys appearing should have the degree of authority consistent with the proceeding. For example, an attorney attending

5

Individual Practice Rules of Judge Marcia M. Henry
Updated: June 28, 2021

an initial conference should have the authority to commit his or her party to a discovery schedule, and should be prepared to address other matters likely to arise, including the party's willingness to participate in a mediation or settlement conference.

c. Relatively inexperienced attorneys who seek to participate in hearings of substantial complexity (*e.g.*, oral argument for a dispositive motion) should be accompanied and supervised by a more experienced attorney.

2. **"Of Counsel" Appearances Prohibited**

a. Only a party's counsel of record, or an attorney personally authorized to appear by the party (and not simply by the party's counsel of record) may appear on behalf of a party.  If a law firm has appeared as counsel of record for a party, any attorney employed by that law firm may appear.

b. An attorney acting "of counsel" for a party's counsel of record may not appear without the represented party's explicit authorization, as such an attorney has no authority to make binding representations on behalf of any party.  *See* N.Y. Rules of Pro. Conduct 1.2(c), 22 N.Y.C.R.R. § 1200 (requiring client to give "informed consent" before an attorney may make a limited appearance on the client's behalf).

E. **Interpreter Services**

1. Interpreter services are generally not provided by the Court in civil cases. If a party speaks a language other than English, the party must make his or her own arrangements to conduct his or her case in English.

2. A party may bring an English-speaking friend or family member to Court conferences.  However, persons acting as interpreters must translate exactly what is said; they may not speak for or advocate for the party.

III. **DISCOVERY**

A. **Initial Conference**

1. The parties must comply with the Initial Conference Order. Ten (10) business days before the Initial Conference, the parties must meet and confer, exchange initial disclosures, and complete the Proposed Discovery Plan/Scheduling Order (posted to Judge Henry's website). The completed Proposed Discovery Plan/Scheduling Order must be filed on ECF at least five (5) business days before the Initial Conference. At the Initial

Conference, the parties must be prepared to give an overview of the facts and issues of the case, discuss the Proposed Discovery Plan/Scheduling Order, and outline the anticipated discovery. **Counsel with knowledge of the case must attend.**

2. The parties should discuss their discovery needs thoroughly and realistically in advance of the Initial Conference so that the Court may adopt a realistic schedule in conjunction with the assigned District Judge's Rules.

3. Once a Scheduling Order has been entered with the parties' input, the discovery deadlines will be enforced and amended only upon a showing of good cause.

**B.** **Discovery Prior to an Initial Conference and During Pendency of a Motion to Dismiss**

1. There is no automatic stay of discovery, unless authorized by statute, should one or more defendants file a motion to dismiss.

2. Discovery is only stayed if a party files a motion to stay discovery and the Court grants such a motion. A stay application, even on consent, must explain why a stay is warranted, including by demonstrating that the standards under Rule 26(c) have been satisfied.

3. A Rule 26(f) conference between the parties must be held at least twenty-one (21) days before the initial conference or before the Court's Rule 16(b) order is due. *See* Fed. R. Civ. P. 26(f)(1). The Court expects the parties to begin the discovery process before the initial conference. *See* Section III.A.1., *supra*.

**C.** **Confidentiality Orders**

1. To conserve resources of the Court and the parties, all confidentiality orders shall be in the form posted to Judge Henry's website and labeled "Protective Order Form."

2. If a party believes that changes to the form order are required due to the circumstances of the case, it may submit to the Court proposed changes to the form using track changes or a similar method to identify the proposed changes.

**IV.** **DISPUTES DURING ONGOING DEPOSITIONS**

**A.** Parties should first make every effort to resolve deposition disputes among themselves consistent with the rules regarding discovery disputes.

7

**B.**     In the event the parties are unable to reach a satisfactory resolution, the parties are directed to contact Chambers immediately by telephone with all parties on the line. If the parties leave a voicemail, the message must include the case number and a direct callback number for the Court staff to reach the parties conducting the deposition.  The Court will either resolve the matter or instruct the parties to move on to other issues in the deposition until such time as the Court can address the dispute.

**C.**     To the extent practical, the parties should continue the deposition while waiting for the Court to address the dispute.  Under no circumstances should the parties discontinue the deposition without first attempting to contact the Court.

## V.     MOTIONS

**A.**     **Pre-Motion Conferences.**  No pre-motion conference is required.  However, prior to filing such a motion, the movant is required to submit a letter of no more than two pages in length (a) briefly stating the relief sought by the motion, and (b) setting forth a briefing schedule that has been agreed upon by the parties. The briefing schedule is subject to approval by the Court and no papers may be filed until such approval is given.  No opposing letter shall be filed, unless relief is being sought by that party through a cross-motion, in which case the letter must be filed within two (2) business days of the movant's letter.  The Court may choose to call a pre-motion conference.

**B.**     **Discovery Motions**

1.      Before making a discovery motion, parties must make a good faith effort, pursuant to Local Civil Rule 26.4 and Federal Rule 37(a)(1), to resolve disputes, including discussion either by telephone, video conference, or in person.  Failure to comply with this requirement, or to include a certification of such efforts consistent with Rule 37(a)(1), will result in the denial of the motion.

2.      If discovery motions are necessary, litigants shall file them electronically by letter motion, pursuant to Local Civil Rule 37.3, as a "Motion."  Such letter motions may not exceed three (3) pages in length, exclusive of attachments.  A response not exceeding three (3) pages in length, exclusive of attachments, must be served and filed within four days (4) of receipt of the letter motion, unless a motion for additional time is granted.

3.      All discovery motion papers must use reasonable margins and a reasonable font of twelve (12) point or larger, including for footnotes.

4.      Reply briefs are only permitted upon obtaining leave of Court and are otherwise prohibited.

5.      Courtesy copies of letter motions need not be supplied.

6.      All other non-dispositive motions should be filed pursuant to Local Civil Rule 7.1.

7.      The Court will deny any motion to compel that fails to attach as exhibits the discovery requests that a party is seeking to compel.

C.      **Dispositive Motions.**  Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding District Judge, in conformance with his or her individual rules, unless the parties have consented to Judge Henry's jurisdiction for all purposes in accordance with 28 U.S.C. § 636(c)(1).[1]  Where the parties have so consented, the following rules apply to dispositive motions:

1.      **Memoranda of Law.**  Legal arguments must be set forth in a memorandum of law rather than in affidavits, affirmations, or declarations.  *See* Local Civil Rule 7.1.  Memoranda of law in support of and in opposition to motions on notice are limited to twenty-five (25) pages, and reply memoranda are limited to ten (10) pages.  Case citations must contain pinpoint cites.  All memoranda of law must use reasonable margins, double spacing, and a reasonable font of twelve (12) point or larger, including for footnotes.  Any papers not complying with these requirements will be rejected.  Citations to the docket should be made at the end of the sentence with "Docket Entry ("DE") [docket number]."  Thereafter, any further citations to docket may be made with a short-cite at the end of the sentence with "DE [docket number]."

2.      **Courtesy copies** are NOT required unless specifically requested by the Court in a particular case.

3.      **Reply briefs** are only permitted for motions for summary judgment or motions to dismiss.  For all other motions, including any discovery motion, reply briefs are only permitted upon obtaining leave of Court and are otherwise prohibited.

4.      **Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time-Limiting Rules.**  If any party concludes in good faith that delaying the filing of a motion in order to comply with any aspect of these individual practices will deprive the party of a substantive right, the party may file the motion

---

[1] Parties wishing to consent to the Magistrate Judge's jurisdiction for the entire case, should complete and file this form: https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge. Parties wishing to consent to the Magistrate Judge's jurisdiction for a particular dispositive motion, should complete and file this form: https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-dispositive-motion-magistrate-judge.

Individual Practice Rules of Judge Marcia M. Henry
Updated: June 28, 2021

within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

5. **Summary Judgment Motions.**  All motions for summary judgment must comply with Rule 56 of the Federal Rules of Civil Procedure as well as Local Civil Rule 56.1.  If the non-movant is proceeding *pro se*, the movant must also comply with Local Civil Rule 56.2.

**D.      Non-Dispositive, Non-Discovery Pretrial Disputes**

1. For other non-dispositive, non-discovery pretrial disputes, the parties must first make good faith efforts to resolve the disputes prior to seeking the Court's intervention pursuant to Local Civil Rule 37.3(a). Parties are encouraged to make non-dispositive motions by letter, but filed electronically as a "Motion."

2. Parties seeking judicial resolution of such issues should comply with Local Civil Rule 7.1(d) or 37.3(c), as applicable. The length of the letter motion shall not exceed three (3) pages, exclusive of attachments.

3. If necessary, after submission of the letter motion, the Court may advise the moving party to file a formal motion pursuant to Local Civil Rules 6.1 and 7.1.

**E.      Motions for Admission "Pro Hac Vice"**

1. A motion for admission *pro hac vice*, together with a proposed order admitting the attorney *pro hac vice*, shall be served and filed electronically at least seven (7) days prior to the return date designated in the notice of motion.  Although there is no need to file a memorandum of law, this motion must comply with Local Civil Rule 1.3.   These motions shall be on submission.

2. If any party objects to the motion, opposition papers must be served and filed at least two (2) days prior to the return date.  No reply papers are permitted.

**F.      Oral Argument**

1. Parties may request oral argument by letter accompanying moving, opposition, or reply papers.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date and time. The Court may also order oral argument *sua sponte*.

2. The parties are not limited to one oralist per side.  More than one person may speak on behalf of each party at oral argument, but the division of

10

responsibility must be conducive to the orderly conduct of oral argument, and the person with the best knowledge of the issue is encouraged to speak to that side.  No side should have more than three oralists.

## VI.    TRIALS ON CONSENT

A.    **Proposed Joint Pretrial Order in Civil Cases.**  Unless otherwise ordered by the Court, within sixty (60) days from the date of the completion of discovery in a civil case, the parties must submit to the Court a proposed Joint Pretrial Order, which shall include the following:

1.    **Caption.**  The full caption of the action.

2.    **Parties and Counsel.**  The names (including firm names), addresses, telephone numbers, fax numbers, and e-mail addresses of trial counsel.

3.    **Jurisdiction.**  A brief statement by Plaintiff(s) as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements must include citations to (a) all statutes and legal doctrines relied on and (b) relevant facts as to citizenship and amount in controversy.

4.    **Claims and Defenses.**  By each party, a brief summary of the elements of the claims and defenses that the party has asserted and that remain to be tried.  The summary must include citations to all relevant statutes.

5.    **Damages.**  A brief statement of the categories and amounts of damages claimed or other relief sought.

6.    **Jury or Bench Trial.**  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

7.    **Stipulations.**  A statement of stipulated facts, if any.

8.    **Witnesses.**  From each party, a list of names and titles (if applicable) for the fact and expert witnesses whose testimony is to be offered in the party's case-in-chief, as well as any anticipated rebuttal witnesses, together with a brief narrative statement of each witness's expected testimony.  Only listed witnesses will be permitted to testify unless prompt notice is given and good cause is shown.

9.    **Deposition Testimony.**  By each party, a designation of deposition testimony to be offered by the party in its case-in-chief, along with any cross-designations and objections by any other party.

10.   **Exhibits.**  A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties offering each exhibit.  The schedule shall also include possible impeachment documents and/or exhibits, and exhibits to be offered only on rebuttal.  Plaintiff's exhibits are to be identified with the prefix "P" followed by a number; Defendant's exhibits are to be identified by the prefix "D" followed by a number.  The parties must list and briefly describe the basis for any objections to the admissibility of any exhibits to be offered by any other party.  Parties are expected to resolve before trial all issues concerning authenticity, chain of custody, and other related grounds.  Only exhibits listed will be received in evidence, except for good cause shown.

11.   **Motions *in Limine*.**  A list of any proposed motions addressing evidentiary or other issues that should be resolved *in limine.*

B.   **Exchange of Exhibits.**  All exhibits must be pre-marked for trial and exchanged between or among the parties at least ten (10) business days before trial.  If an exhibit is voluminous, it should be placed in a binder with tabs.  The Court needs four (4) copies of all exhibits for use at trial.

C.   **Additional Filing Prior to Trial in Jury Cases.**  Unless otherwise ordered by the Court, requests to charge and proposed *voir dire* questions for the jury shall be filed on ECF one (1) week before trial.  Requests to charge are limited to the elements of the claims, the damages sought, and defenses.  General instructions will be prepared by the Court.

D.   **Additional Filing Prior to Trial in Non-Jury Cases.**  In non-jury cases, a statement of the elements of each claim or defense involving that party, together with a summary of the facts relied upon to establish each element shall be filed on ECF one (1) week before trial.

VII.   **SEALING OF SUBMISSIONS.**

A.   **Procedures.** Motions for leave to file documents under seal must be filed via ECF in accordance with the EDNY's instructions for electronically filing sealed documents.[2]  The proposed sealed document(s) must be attached to the motion for leave to file under seal.

---

[2] Instructions for filing sealed documents in civil cases are at: https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf.  Instructions for filing sealed documents in criminal cases are at: https://img.nyed.uscourts.gov/files/forms/EfilingSealedCR.pdf.

Individual Practice Rules of Judge Marcia M. Henry
Updated: June 28, 2021