UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AMER SULIEMAN

                    Plaintiff(s),

          v.                                        I:20-CV-06032

JEBARA IGBARA; JOUMANA DANOUN;
MOTASHEM R. KHALIL

                    Defendant(s).

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
## FOR A SUM CERTAIN DEFAULT

### a. *Plaintiff is Entitled To Prejudgment Interest*

3.  It is well-settled that state law applies to questions of prejudgment interest in diversity cases before district courts. *Ginett v. Comput. Task Grp.*, 962 F.2d 1085, 1101 (2d Cir. 1992) ("This court has consistently held that, in diversity cases commenced under New York law, the source of the right to prejudgment interest is N.Y. Civ. Prac. L. & R. § 5001...."); *see also Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289, 291-92 (S.D.N.Y. 2002) ("It is well settled that state law applies to an award of prejudgment interest in a diversity action in federal court."). In that regard, CPLR 5001, which governs prejudgment interest in New York, provides:

> Interest [**14]  shall be recovered upon a sum awarded because of
> a breach of performance of a contract, or because of an act or omission
> depriving or otherwise interfering with title to, or possession or enjoyment
> of, property, except that in an action of an equitable nature, interest and the
> rate and date from which it shall be computed shall be in the court's
> discretion.

### i.        *Award prejudgment interest on Breach of Contract Cases (Defendant Igbara)*

4. CPLR 5001(a); *see Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998) ("Under New York law, prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract." (quotation omitted)); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1139 (2d Cir. 1994) ("Pursuant to New York Law, a party is entitled to 'prejudgment interest' on damages for breach of contract from the date of the breach until the entry of final judgment."). Accordingly, "[w]hile awards of interest are generally discretionary, 'New York law does not permit the trial court to exercise any discretion where a party is entitled to [prejudgment interest] as a matter of right.'" *Capital Ventures v. Republic of Arg.*, 552 F.3d 289, 296 (2d Cir. 2009) (quoting *New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 602-03 (2d Cir. 2003)) (alteration in original); *see Schatzki v. Weiser Capital Mgmt., LLC*, No. 10 Civ. 4685, 2014 U.S. Dist. LEXIS 20963, 2014 WL 630650, at *1 (S.D.N.Y. Feb. 18, 2014) ("Section 5001 imposes an affirmative mandate on trial courts; they have no discretion not to award prejudgment interest under New York law." (quoting *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 93 (2d Cir. 2000))), *aff'd sub nom. BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC*, 623 F. App'x 7 (2d Cir. 2015).

### ii. *Award prejudgment interest on Fraud Cases (Defendants Igbara and Danoun)*

5. New York law specifically mandates [*30] an award of pre-judgment interest on damages awarded for fraud. *Parkway Med. Care*, 2017 U.S. Dist. LEXIS 24994, 2017 WL 1133282 at *17 (citing *Chubb & Son, Inc. v. Kelleher*, No. 92 CV 4484 (TLM) (RML), 2010 U.S. Dist. LEXIS 141842, 2010 WL 5978913 at *8 (E.D.N.Y. Oct. 22, 2010); *Mfrs. Hanover Trust Co. v. Drysdale Sec. Corp.*, 801 F.2d 13, 28 (2d Cir.1986); *Barkley v. United Homes, LLC*, 848 F. Supp. 2d 248, 269 (E.D.N.Y. 2012)); *see also Badia*, 2015 U.S. Dist. LEXIS 33667, 2015 WL 1258218 at *24. New York law typically requires the computation of interest "from the earliest

ascertainable date the cause of action existed," N.Y. C.P.L.R. § 5001(b), and is typically awarded "at the rate of nine per centum per annum, except where otherwise provided by statute," *id.* § 5004. "'In the context of insurance fraud, prejudgment interest accrues from the date the insurance company makes payment.'" *Parkway Med. Care*, 2017 U.S. Dist. LEXIS 24994, 2017 WL 1133282 at *17 (quoting *Gov't Emps. Ins. Co. v. AMD Chiropractic, P.C.*, No. 12-CV-4295 (NG) (JO), 2013 U.S. Dist. LEXIS 130671, 2013 WL 5131057, at * 9 (E.D.N.Y. Sept. 12, 2013)) (internal quotation marks omitted). <u>Gov't Emples. Ins. Co. v. Elmwood Park Med. Group, P.C.,</u> <u>2022 U.S. Dist. LEXIS 32961, *29-30</u>

### iii.    *Statutory Pre-Judgment Interest Rate is 9%*

6. New York has set a rate of nine percent per annum or prejudgment interest. *See* CPLR 5004; *Dormitory Auth. v. Cont'l Cas. Co.*, 756 F.3d 166, 170 (2d Cir. 2014).

7. "[T]he award of post-judgment interest is mandatory under 28 U.S.C. § 1961." Nature's Plus Nordic A/S v. Natural Organics, Inc., 108 F. Supp. 3d 52, 58

### iv.    *Calculation of Interest on Damages.*

| Year | Principal | Interest @ 9% | Principal Plus Interest Compounded |
|------|-----------|---------------|------------------------------------|
| Sept 2020 – Aug 2021 | $290,000 | $26,100 | $316,100 |
| Sept 2021 – Aug 2022 | $316,100 | $28,449 | $344,549 |
| Sept 2022 – July 2023 | $344,549 | $84.95 per day 28,373.30 | $372,922.30 |

### v. Federal Rule 55(b)1 is the proper remedy for Plaintiff requested relief.

8. If the plaintiff's claim for a sum certain or a sum that cab be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amounts due – must enter judgment for that amount and costs against a defendant who has defaulted for not appearing…"

9. Plaintiff's Complaint specifically seeks a sum certain, in the amount of $290,000, compounded with an interest rate of 9%:

> "Wherefore, Mr. Sulieman prays that this Court enter judgment
> in its favor… against Defendants; awarding compensation damages
> in the amount of $290,000 compounded by the daily interest rate of
> 9%...." (ECF Dkt No. 13 - Amended Complaint Pg 13)

10.   Rule  55(a), pertaining to entries of default, provides that: "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Here, a Certificate of the Entry of Default against the defendants, Jabara Igbara and Joumana Danoun, on March 31, 2021.

11.    "[A]n    entry    of default is    a    prerequisite    to    a default judgment. Thus, a default judgment cannot  be  granted  until  a default is entered by the Clerk Ramada Franchise Sys. v. Baroda Enters., LLC, 220 F.R.D. 303, 305. Thus, Plaintiff's instant requet is procedurally correct.

### vi. The Court shall accept all the facts in the Amended Complaint as True

12. For the purposes of a default judgment motion, the Court accepts all facts alleged in the Complaint as true. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997) ("It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted."); *see also Adobe Sys. Inc. v. Feather*, 895 F. Supp. 2d 297, 300 (D. Conn. 2012) ("Upon entry of a default, the court accepts as true all of the factual allegations of the complaint, except those relating to damages." (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992))) Hernandez v. Saybrook Buick GMC, Inc., 505 F. Supp. 3d 93, 100

Dated July 31, 2023

Attorney for Plaintiff
J. Iandolo Law, PC
Jeremy M. Iandolo
8212 3rd Avenue
Brooklyn New York, 11209