UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
AMER SULIEMAN,

                     Plaintiff,

    -against-                                   REPORT &
                                                RECOMMENDATION

JEBARA IGBARA and JOUMANA DANOUN,     20-CV-6032 (DG)(MMH)

                    Defendants.
------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Amer Sulieman sued Defendants Jebara Igbara and Joumana Danoun, asserting fraud, breach of contract, conversion, and unjust enrichment claims. (Am. Compl., ECF No. 13.)[1] Before the Court is Sulieman's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) and Rule 55.2(a) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. (Mot., ECF No. 32.)[2] The Honorable Diane Gujarati referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion should be **granted**.

**I.    BACKGROUND**

       The Court here assumes the parties' familiarity with the facts and prior proceedings of this case. *See generally Sulieman v. Igbara*, 599 F. Supp. 3d 113 (E.D.N.Y. 2022). In sum,

---

[1] All citations to documents filed on ECF are to the ECF document number (i.e., "ECF No. \_\_\_") and pagination "\_\_\_ of \_\_\_" in the ECF header unless otherwise noted.

[2] The moving papers include a memorandum of law (ECF No. 32-1), an affidavit from counsel Jeremy M. Iandolo and its exhibits (Iandolo Aff., ECF Nos. 32-2 through 32-4), a proposed judgment (Proposed Judgmt., ECF No. 32-5), and a certificate of service of the motion papers to Igbara and Danoun's last known addresses (Return of Service, ECF No. 32-6.).

Sulieman alleges that, in approximately August 2020, Igbara and Danoun defrauded him of $290,000 by requesting a cash loan they had no intention of repaying, and that Mohamed Khalil[3] furthered the scheme by issuing fake checks and sending him misleading text messages. (*See generally* Am. Compl., ECF No. 13.) As relevant here, Igbara and Danoun never responded to the Complaint.[4]

Sulieman subsequently requested, and the Clerk of Court issued, a certificate of default against Igbara and Danoun in November 2022. (Entries of Default, ECF Nos. 12, 28.) Sulieman then moved for default judgment. In the first motion, Sulieman asked the Clerk of Court to enter a judgment in "the sum of $290,000 the amount claimed plus 7% interest and attorney fees in [sic], amount in all to $341,129.33, plus interest on the judgment at the legal rate until the judgment is satisfied." (ECF No. 29-2 at 1.) After the Court's order requiring additional information to support the request for attorneys' fees, Sulieman withdrew the motion. (ECF No. 30; Dec. 28, 2022 Order.) Then, in January 2023, Sulieman moved for default judgment again, this time without seeking attorneys' fees. (ECF No. 31.) At a motion hearing in July 2023, Defendants did not appear, and the Court requested supplemental information from Sulieman. (July 27, 2023 Min. Entry.) In response to this directive, on

---

[3] The Court dismissed the allegations against Khalil for failure to state a claim. *Sulieman*, 599 F. Supp. 3d at 117.

[4] Sulieman served the initial complaint on Danoun and Igbara, but did not file proof of service of the Amended Complaint. (*See* ECF Nos. 6, 10) Nonetheless, service of process is sufficient because there are no new claims for relief against Danoun and Igbara in the Amended Complaint. Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4"); *see also John the Greek Co. v. Eaternity, LLC*, No. 16-CV-919 (JS)(AYS), 2019 WL 1261409, at *3 (E.D.N.Y. Jan. 18, 2019), *adopted by* 2019 WL 13322316 (E.D.N.Y. Feb. 19, 2019) (granting default judgment where plaintiff did not serve an amended complaint on a defendant because "the amended complaint added no new claims against [that defendant].")

August 1, 2023, Sulieman filed the third and current motion for default judgment. (Mot., ECF No. 32.) Judge Gujarati referred the motion for report and recommendation. (Aug. 4, 2023 Order Referring Mot.)

To date, Igbara and Danoun still have not appeared in the case or responded to Sulieman's filings.

## II.   DISCUSSION

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Upon request of the plaintiff, a default judgment may be entered by the clerk when: (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear. *Brookhaven Mem'l Hosp. Med. Ctr. v. Russotto*, No. 12-CV-2806 (JS)(ARL), 2013 WL 4807156, at *2 (E.D.N.Y. Sept. 9, 2013) (citing Fed. R. Civ. P. 55(b)(1)).

Sulieman has shown that it is appropriate for the Clerk of Court to enter judgment against Igbara and Danoun. *First*, the remaining claim in this action is for the unpaid loan proceeds—*i.e.*, a sum certain of $290,000, plus prejudgment interest in the amount of $82,922.30, calculated at the statutory rate of 9% pursuant to N.Y. C.P.L.R. §§ 5001 and 5004, for a total of $372,922.30. (Iandolo Aff., ECF No. 32-2 ¶¶ 2, 6.) The amount of interest reflects the accrued interest for the amount of time (two years and 11 months) between September 2020, when Defendants breached the agreement with Sulieman, through July 31, 2023, the date of the affidavit. (*Id.* ¶ 2.) An affidavit stating a principal and interest is sufficient to enable the Clerk of Court to enter judgment. *See United States v. Benain*, No. 11-

3

CV-2307 (DRH), 2011 WL 5838488, at *1 (E.D.N.Y. Nov. 18, 2011) (finding that "plaintiff is entitled to judgment" where a declaration showed defendant is "indebted to plaintiff in the principal amount of $1,652.00, plus interest in the amount of $281.91"). *Second*, Sulieman's counsel affirms that neither Igbara nor Danoun is an infant, an incompetent person, or an active servicemember. (Iandolo Aff., ECF No. 32-2 ¶ "10".)[5] The process server affidavits support this finding. (ECF Nos. 6, 10.) *Third*, Defendants have defaulted by failing to appear in this action, either in response to the pleadings or to the Court's directives to appear for case conferences and hearings. (Iandolo Aff., ECF No. 32-2 ¶¶ 4–5; July 27, 2023 Min. Entry.) Accordingly, the Clerk of Court "must enter judgment as requested." *Manheim Auto. Fin. Servs., Inc. v. All Major Brands Auto Sales, Inc.*, No. 10-CV-906 (KAM)(JO), 2010 WL 4737282, at *1 (E.D.N.Y. Oct. 14, 2010), *adopted by* 2010 WL 4737695 (E.D.N.Y. Nov. 16, 2010) (citing Fed. R. Civ. P. 55(b)(1)).

Finally, the Court respectfully recommends that Plaintiff should recover post-judgment interest, which "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).

## III. CONCLUSION

Based on the foregoing, the Court respectfully recommends that Sulieman's motion for default judgment at ECF No. 32 should be **granted**. Specifically: (1) the Clerk of Court should enter the proposed judgment (as amended)[6] against Defendants Jebara Igbara and

---

[5] The Iandolo affidavit includes two paragraphs numbered "10." The Court cites to the first of these two paragraphs, which is the third paragraph of the affidavit. (Iandolo Aff., ECF No. 32-2 at 1.)

[6] The amendments to the proposed judgment at ECF No. 32-5 are: (1) in the caption, deleting the name "Motashem R. Khalil"; (2) in the first paragraph, changing "Rule 55 of the Local Rules of

Joumana Danoun; (2) Plaintiff Amer Sulieman should be awarded the sum of $372,922.30; and (3) Plaintiff should be awarded post-judgment interest at the rate established in 28 U.S.C. § 1961(a).

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to: (1) Jebara lgbara, 69 Main Street #806, Fort Lee, NJ 07024 and (2) Joumana Danoun, 367 Knickerbocker Avenue, Paterson, NJ 07503.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Gujarati. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
December 21, 2023

/s/ Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge

---

Practice" to "Rule 55.2(a) of the Local Rules"; and (3) also in the first paragraph, changing "Western District of New York" to "Eastern District of New York."